IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony Younger, et al., | : | |
| | : | Case No. 1:10-cv-849 |
| Plaintiffs, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING WITHOUT |
| Ingersoll-Rand Company, et al., | : | PREJUDICE DEFENDANT'S |
| | : | MOTION TO SEVER PLAINTIFFS' |
| Defendants. | : | CLAIMS |

Presently before the Court is Defendant Ingersoll-Rand Company's Motion to Sever Plaintiffs' Claims.  (Doc. 34.)  In their Complaint, Plaintiffs Anthony Younger, an African-American male, and Lee Gillett, a Jewish Caucasian male, allege state law claims of employment discrimination, retaliation, and intentional infliction of emotional distress against Defendants Ingersoll-Rand and three unnamed John Does.  (Doc. 2.)  Plaintiff Younger additionally raises claims of discrimination and retaliation under federal law (Title VII of the Civil Rights Act of 1964).  (*Id.*)  With those claims, Plaintiffs allege that while employed with Ingersoll-Rand, the Defendant company and several of Plaintiffs' supervisors engaged in and condoned a pattern and practice of discrimination against African-American and Jewish employees.  Defendant Ingersoll-Rand argues that Plaintiffs's claims were improperly joined because Plaintiffs allege discrimination on different grounds, at varying times, and through different adverse employment actions.  Accordingly, Defendant requests that the Court sever this lawsuit into two separate actions, one involving Younger's claims and the other involving Gillett's claims.  Plaintiffs have not responded to Defendant's motion, and the deadline for doing so has long since passed.  Accordingly, the Court assumes Plaintiffs do not object to Defendant's motion.

Nonetheless, the Court declines to grant Defendant's motion at this time.  The discovery

deadline in this case has passed and the summary judgment deadline is fast approaching. The Court believes it prudent to reserve judgment on the issue of severance until the record is more fully developed. Furthermore, in the interest of judicial economy, the Court finds it most efficient to address Plaintiffs' claims jointly during the summary judgment stage. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Sever Plaintiffs' Claims. To the extent that one or more of both Plaintiffs' claims survive summary judgment, Defendant may file a renewed motion to sever for the purpose of trial.

    IT IS SO ORDERED.


                    ___s/Susan J. Dlott_____
                    Chief Judge Susan J. Dlott
                        United States District Court